**BP EXPLORATION & OIL INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–5100.

United States Court of Appeals,
Federal Circuit.

June 29, 2001.

William S. Lee, Fulbright & Jaworski L.L.P., of Houston, Texas, argued for plaintiff-appellant. With him on the brief was Nancy T. Bowen. Of counsel were Susan A. Leingang, and Ronald J. Long, BP Exploration & Oil, Inc., of Houston, Texas.

Charles Bricken, Attorney, Tax Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief was Paula M. Junghans, Act-

---

ing Assistant Attorney General; and Jonathan S. Cohen, Attorney.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

LOURIE, Circuit Judge.

BP Exploration & Oil Inc. appeals from the decision of the United States Court of Federal Claims granting the government's motion for summary judgment that BP's predecessor-in-interest, Sohio Petroleum Co. ("SPC"), was not entitled to deduct interest paid by its corporate parent, Standard Oil Company of Ohio, and other corporate affiliates (collectively "Standard Oil") in determining SPC's net income limitation for calculating its windfall profit tax. *BP Exploration & Oil Inc. v. United States,* 46 Fed. Cl. 526 (2000). Because we conclude that Standard Oil's interest expense is not properly characterized as a business expense paid or incurred by SPC for purposes of calculating SPC's windfall profit tax liability, we affirm.

## BACKGROUND

BP is the successor-in-interest of SPC, which was one hundred percent owned by Standard Oil during the relevant period from 1984 to 1985. *BP,* 46 Fed. Cl. at 527. Standard Oil issued debt in its own name to fund the cash needs of SPC and other corporate affiliates. Standard Oil paid the interest on this debt. *Id.* SPC was engaged in the business of finding and producing crude oil and natural gas and owned an interest in properties that produced crude oil subject to the windfall profit tax. *Id.* at 528.

Congress enacted the Crude Oil Windfall Profit Tax Act in 1980 in response to the excessive "windfall profits"that oil producers were expected to earn following deregulation of oil prices. *See* Crude Oil Windfall Profit Tax Act of 1980, Pub.L. No. 96–223, 94 Stat. 229 ("the Act"), *repealed by* Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1941(a), 102 Stat. 1107, 1322. The Act imposed a temporary excise tax on domestic oil producers and royalty owners on their windfall profit attributable to price deregulation. *BP,* 46 Fed. Cl. at 529. The windfall profit on each barrel of oil, however, was subject to a net income limitation ("NIL"). I.R.C. § 4988. The NIL provided that the windfall profit on a barrel of oil could not exceed ninety percent of the net income attributable to that barrel. *Id.*

The NIL calculation at issue in this case is determined, pursuant to I.R.C. § 4988(b)(2)(A), by dividing "the taxable income from the property for the taxable year attributable to taxable crude oil" by the number of barrels of taxable oil from that property for that year. According to the accompanying regulation, the "taxpayer's taxable income from the property" is determined by subtracting from the taxpayer's gross income "all *allowable deductions* attributable to the production of taxable crude oil that would be subtracted in determining taxable income from the property under section 613(a)." Treas. Reg. § 51.4988–2(b) (emphasis added).[*] The "taxpayer's taxable income" is then divided by the number of units sold to calculate the net income attributable to a barrel of taxable crude oil. *Id.* The NIL per barrel is the product of the net income attributable to a barrel of taxable crude oil multiplied by ninety percent. *Id.*

The "allowable deductions" under I.R.C. § 613(a) are "determined in accordance with the principles set forth in paragraph (d)(2) and (3) of § 1.613–4." Treas. Reg. § 1.613–5(a). According to Treas. Reg. § 1.613–4(d)(2), only those costs "actually paid or incurred shall be taken into consid-

[*] The Treasury Regulation references are to the regulations in effect in 1984 to 1985.

eration" in determining the taxpayer's gross income.

SPC paid the applicable windfall profit tax for the relevant period. *BP,* 46 Fed. Cl. at 528. In 1990, BP filed a refund claim with the Internal Revenue Service ("IRS") for alleged overpayments of the windfall profit tax by SPC. *Id.* Following settlement of other refund claims, BP sued the government, alleging that SPC should also have been able to deduct a portion of the net interest expense paid by Standard Oil as an indirect business expense under I .R.C. § 162. *Id.* The trial court granted summary judgment to the government, concluding that the expenses deducted by Standard Oil could not be deducted by SPC because they were not costs actually paid or incurred by SPC under § 1.613-4(d)(2) and were therefore not allowable deductions in determining the NIL for SPC's windfall profit tax. *Id.* at 532–33. BP appeals; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, BP argues that business expenses of a subsidiary may be deducted under I.R.C. § 162 by the subsidiary, not the parent, citing Revenue Ruling 84–68, 1984–1 C.B. 31 and *Transamerica Corp. v. United States,* 7 Cl.Ct. 119 (1984). Moreover, BP characterizes the interest expense deducted by Standard Oil as a business expense of SPC because the underlying loans were used for the benefit of SPC. BP therefore contends that the interest expense should be treated for windfall profit tax purposes as if it had actually been paid or incurred by SPC, thereby conforming to the requirement of Treas. Reg. § 1.613-4(d)(2) that "only costs actually paid or incurred shall be taken into consideration" in calculating the taxpayer's gross income. BP also seeks to distinguish *Chevron U.S.A., Inc. v. United States,* in which the United States District Court for the Southern District of Texas determined that a subsidiary of Chevron could not deduct interest expenses paid by Chevron for purposes of calculating the subsidiary's windfall profit tax liability because the subsidiary could not deduct an expense paid by another taxpayer. *Chevron U.S.A., Inc. v. United States,* No. 93–0660, 1995 U.S. Dist. LEXIS 21362, at *12 (S.D.Tex. Feb. 28, 1995), *aff'd mem.,* 81 F.3d 154 (5th Cir.1996). BP contends that *Chevron* is inapposite because none of the borrowed funds in that case were used in the business of or for the benefit of the subsidiary.

The government responds that the interest expense paid by Standard Oil may not be characterized as a business expense of SPC because Standard Oil paid interest on its own indebtedness obligation, whereas in Revenue Ruling 84–68 and in *Transamerica* the obligation was that of the subsidiary. The government urges that we should adhere to *Chevron* as the proper test for determining whether an interest expense incurred by a parent may be deducted by the subsidiary for purposes of computing the windfall profit tax.

We review the summary judgment determinations of the Court of Federal Claims *de novo. Alves v. United States,* 133 F.3d 1454, 1456 (Fed.Cir.1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We agree with the government that the trial court did not err in granting summary judgment against BP. We first observe that BP does not take issue with the requirement that "only costs actually paid or incurred" by the taxpayer may be deducted from the taxpayer's gross income

to determine the NIL. Treas. Reg. § 1.613–4(d)(2). Rather, BP argues that the interest expense paid by Standard Oil may be properly characterized as having been "paid or incurred" by SPC pursuant to Revenue Ruling 84–68 and *Transamerica.* We disagree. Those decisions, in addition to being non-binding, do not answer the issue on appeal: May interest expense incurred by a parent be deducted by a subsidiary for purposes of computing the subsidiary's windfall profit tax?

In Revenue Ruling 84–68, the IRS determined that a parent's payment of cash bonuses to its subsidiary's employees should be treated as a contribution to the subsidiary's capital accompanied by a constructive payment by the subsidiary of the cash bonuses to its employees. Rev. Rul. 84–68. The expenses were held to be those of the subsidiary, not the parent. *Id.* Therefore, the cash bonuses could not be deducted by the parent under § 162, but could be deducted under that section by the subsidiary. *Id.* Similarly, in *Transamerica,* the United States Claims Court, interpreting I.R.C. § 421, held that a parent's award of stock options to the employees of its subsidiary constituted the payment of an expense of the subsidiary, and it was not deductible by the parent under I.R.C. § 162. *Transamerica,* 7 Cl.Ct. at 127.

Neither of those decisions involved the parent's payment of interest on its own debt, nor do they address allowable deductions in the windfall profit tax context. Rather, they illustrate the unremarkable proposition that a parent's payment of a subsidiary's expense does not make the expense that of the parent. The expenses are those of the subsidiary. In this case, Standard Oil paid its own expenses, *viz.,* interest due on debt secured in its own name. Although the underlying debt was used for the benefit of SPC, the obligation was in the name of the parent and the

payments it made on that obligation were made to satisfy its own obligation, not SPC's. The use the subsidiary made of the borrowed funds does not change these facts. The interest expense of Standard Oil, paid by Standard Oil to satisfy its own obligation, is not an "allowable deduction" of SPC pursuant to Treas. Reg. § 51–4988–2(b) and I.R.C. § 162 because it was not "paid or incurred" by SPC as required by Treas. Reg. § 1.613–4(d)(2). Interest expense may only be deducted on indebtedness incurred by the taxpayer claiming the deduction.

Because Standard Oil's interest expense is not properly characterized as an expense of SPC, and may not therefore be deducted by SPC in calculating its windfall profit tax liability, we

*AFFIRM.*